ACCEPTED
14-15-00363-cv
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
5/1/2015 11:20:35 AM
CHRISTOPHER PRINE
CLERK

# No. 14-15-00363-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
5/1/2015 11:20:35 AM
CHRISTOPHER A. PRINE
Clerk

IN THE FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS

LANCE CHRISTOPHER KASSAB and
DAVID ERIC KASSAB,

Appellants,

v.

JIMMY VAN KNIGHTON, II a/k/a JAY V. KNIGHTON, II, individually,
and STONE & ASSOCIATES, LLP n/k/a KNIGHTON & STONE, PLLC,

Appellees.

On Appeal from 2011-75990-A, in the 133rd District Court, Harris County
Honorable Jaclanel McFarland, Presiding

## AGREED MOTION TO ABATE APPEAL

TO THE HONORABLE COURT OF APPEALS:

Appellants Lance Christopher Kassab and David Eric Kassab

(collectively "Kassab") file this agreed motion to abate this appeal, and in

support states as follows:

1.    By this appeal, Kassab intends to challenge an order rendered

by the Honorable Jaclanel McFarland in *Beatty v. Jimmy Van Knighton, II*

1

*a/k/a Jay V. Knighton, II, Individually, and Stone & Associates, LLP n/k/a Knighton & Stone*, PLLC, Cause No. 2011-75990, in the 133ʳᵈ Judicial District Court, Harris County, Texas, on March 5, 2012 sanctioning Kassab for the filing of Plaintiff's First Amended Petition ("First Amended Petition") in that lawsuit. That order remained interlocutory during the pendency of that lawsuit.

2.     In addition to imposing monetary sanctions and awarding attorney's fees against Kassab in connection with the filing, the sanctions order also directed the district clerk to strike the First Amended Petition from the record.

3.     The underlying suit subsequently settled, but the settlement did not resolve the sanctions order. On March 23, 2015, Judge McFarland declined Plaintiff's motion to vacate the sanctions order but granted the request that the sanctions order be severed it into a new case, *Beatty v. Jimmy Van Knighton, II a/k/a Jay V. Knighton, II, individually, and Stone & Associates, LLP n/k/a Knighton & Stone*, PLLC Cause No. 2011-75990-A (the "Severed Case") so that Kassab can challenge the sanction and the award of attorney's fees on appeal.

4.     The order of severance directed the district clerk to include certain items in the file of the Severed Case, but did not direct the clerk to include the stricken "First Amended Petition" with those items.

5.     It will be necessary for Kassab to have the First Amended Petition included in the appellate record so that the sanctions imposed as a result of its filing may be addressed on appeal.

6.     As the underlying suit had been terminated by the settlement, the Severance Order should have rendered the sanctions order, once severed into the new cause, a final an appealable order.  However, the Severance Order included no language indicating that the sanctions order should be treated as final and appealable.

7.     Assuming that the Severance Order rendered the sanctions order final and appealable, Kassab timely filed a notice of appeal within 30 days of its entry, giving rise to this appeal.  Contemporaneously with that filing, to resolve any uncertainty about the finality of the Severance Order, Kassab also filed a motion with the trial court requesting that it enter an amended order of severance that would do two things: (1) incorporate "Mother Hubbard" language into the severance order that would confirm that the sanctions order is now final and appealable, and (2) direct the trial

court to include the First Amended Petition in the pleadings of the severed case so that Kassab can bring it before this Court on appeal.

8. Kassab's certificate of conference to the motion to amend the sanctions order stated that counsel for Defendants/Appellees had not indicated whether the motion would be opposed or unopposed as of the time of its filing. Since that time, counsel has authorized Kassab to inform the trial court that the motion is unopposed, and Kassab is in the process of doing so and requesting the entry of an agreed amended order of severance as described above.

9. Kassab files this Agreed Motion to Abate this appeal pending a resolution of the motion to sever by Judge McFarland. If the motion in the district court is granted, the amended order will resolve any issues about whether this appeal arises from a final judgment, eliminating any need for briefing before this Court on the issue. It will also ensure that the designation of clerk's record will contain all items necessary for the proper consideration of the appeal, and that the docketing statement accurately sets forth the procedural history by which Appellants assert finality.

### PRAYER FOR RELIEF

Wherefore, premises considered, Appellants respectfully pray that this Court abate the deadlines associated with this appeal, including the deadlines

4

for filing a docketing statement and designating the clerk's record until such time as the pending motion to amend the severance order is resolved by the district court.

Respectfully submitted,

/s/ *Michael S. Truesdale*
Michael S. Truesdale

LAW OFFICE OF MICHAEL S. TRUESDALE, PLLC
State Bar No. 00791825
801 West Avenue, Suite 201
Austin, TX 78701
512-482-8671
866-847-8719 (fax)
mike@truesdalelaw.com
COUNSEL FOR APPELLANT

## CERTIFICATE OF SERVICE

On May 1, 2015, the undersigned certifies that he served a copy of this Brief of Appellants on the following in the manner listed below, in compliance with Texas Rules of Appellate Procedure 9:

Sam A. Houston
Shepherd, Scott, Clawater & Houston, LLP
2777 Allen Parkway, 7th Floor
Houston, TX 77019
713-650-6600
713-650-1720 (fax)
*Counsel for Appellees*
*Via e-service*

/s/ *Michael S. Truesdale*
Michael S. Truesdale
SBN 00791825

## CERTIFICATE OF CONFERENCE

The undersigned certifies that he conferred with Sam A. Houston regarding the relief requested in this motion and Mr. Houston indicated that the motion could be filed as an agreed motion.

/s/ *Michael S. Truesdale*
Michael S. Truesdale